UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                            Criminal Action No: 20-20545
                                            Honorable Victoria A. Roberts

MARQUEZ MAURICE GOINS,
    Defendant(s).
_____/

## CRIMINAL TRIAL NOTICE AND STANDING ORDER RE:

        (1)     Discovery and Inspection of Documents;
        (2)     Fixing Plea Cut-off Date;
        (3)     Fixing Motion Cut-off Dates;
        (4)     Governing Other Pretrial Matters; and
        (5)     Fixing Trial Date and Final Status Conference.

        This order is entered: (1) to eliminate unnecessary discovery motions; and (2) to expedite the presentation of evidence and the examination of witnesses.  If it is in conflict with 99-AO-003, which you should familiarize yourself with, this order governs.

        1.     PLEA CUT-OFF: 12/14/2020 at 8:30am
                   (Call court prior to the cut off to confirm plea hearing)

        2.     TRIAL DATE AND TIME: 1/7/2021 at 9:00am

        3.     PRETRIAL MOTIONS cannot be filed after: 11/23/2020
                   without permission from the court.

                   RESPONSES due:  per local rule

                   REPLY due: per local rule
                   (**See No. 5, Motion Requirements**)

        4.     MOTION HEARING DATE: **N/A**

        5.     MOTIONS IN LIMINE cannot be filed after: 12/21/2020

1

Without permission from the court.

RESPONSES TO MOTIONS IN LIMINE due: 12/30/2020
(**See No. 5, Motion Requirements**)

6. FINAL PRETRIAL CONFERENCE & HEARING ON MOTIONS IN LIMINE (if necessary): to be set if necessary

7. DEADLINE FOR WITNESS LISTS, PROPOSED VOIR DIRE, JURY INSTRUCTIONS, LIST OF EXHIBITS AND **STIPULATION OF METHOD FOR REMOVING ALTERNATE JURORS**: 1/4/2021

(**See No. 11 re: Jury Instructions**)

1. **ATTORNEY DISCOVERY CONFERENCE:** Pursuant to Fed. R. Cr. P. 16.1, no later than 14 days after arraignment, government and defense counsel must confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16.

2. **REQUEST FOR COURT ACTION:** After the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner or other aspects of disclosure to facilitate preparation for trial.

3. **ELECTRONIC DISCOVERY:** The parties must work together to provide one another with electronically stored information (ESI) productions that are usable by the receiving party and that maintain the information's integrity. Discovery must be done in a manner that facilitates electronic search, retrieval, sorting, and management of discovery information.

4. **GOVERNMENT'S DISCLOSURES:** Upon the request of defense defense counsel, government counsel must:

(a) provide defense counsel with the information described in Fed. R. Cr. P. 16(a)(1); and

(b) permit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of Brady v Maryland, 373 U.S. 83 (l963), United States v Agurs, 427 U.S. 97 (l976), and Giglio v United States, 405 U.S. 105 (l972).  A list of such of evidence must be prepared and  signed by all counsel.  Copies of the items which have been disclosed must be initialed or otherwise marked.  Nothing in this order shall be construed to require the disclosure of Jencks Act material prior to the time that its disclosure is required by law.

      (c)  If, in the judgment of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, disclosure may be declined.  Any declination shall be confirmed in writing, with a copy provided to the court.  Any defendant who seeks to challenge the declination must move for relief immediately.

    5. **DEFENDANT'S DISCLOSURE:** Upon the request of government counsel, defense counsel must:

      (a) provide government counsel with the information described in Fed. R. Cr. P. 16(b)(1).

    6. **INFORMATION NOT SUBJECT TO DISCLOSURE:** Neither party is required to provide the information not subject to disclosure as outlined in Fed. R. Cr. P. 16(a)(2) and 16(b)(2).

    7. **CONTINUING DUTY:**  The duty to disclose is continuing, even throughout trial.

    8. **MOTION REQUIREMENTS:**  All briefs shall comply strictly with LR 7.1 (Statement of Issues, Statement of Controlling/Most Appropriate Authority), and, in addition, **must** contain a Table of Contents, an Index of Authorities and an Index of Exhibits.  The Exhibits must be tabbed. LR 7.1(a) seeking concurrence requirement and the format requirements as set forth in LR 5.1 must be strictly adhered to**.  Relevant passages of exhibits must be highlighted on the Judge's courtesy copy.**

    9. **EXHIBITS:**

      (a) <u>Pre-marking and Listing of Exhibits</u>: All exhibits must be pre-marked and numbered/lettered consecutively.  Plaintiff must use numbers 1-500, Defendant must use numbers 501-1000.  A list of proposed exhibits must be furnished to the court by the exhibit deadline.  Actual copies of the exhibits must be furnished on the morning of trial.  The court will admit all exhibits not objected to.  No other exhibits may be offered in the case except upon order of the court for good cause shown.  Objected to exhibits must be brought to the Final Pretrial Conference.

      (b)  <u>Foundation for Exhibits</u>: When defense counsel has inspected an exhibit which the government intends to introduce in evidence, the foundation for its receipt into evidence will be deemed established unless defense counsel files a notice with the court at or before the Final Status Conference that the foundation for admission into evidence of the exhibit is contested.

(c) <u>Objections to Exhibits</u>: This order does not affect the right of a defendant to object at the time of trial to the introduction of an exhibit other than on the basis of foundation.

(d) <u>Scientific Analysis</u>: When a defendant has been made aware of the existence of the scientific analysis of an exhibit, the results of the analysis and the opinion of the scientist will be admitted into evidence unless the defendant files a notice with the court by the time of the Final Status Conference, that the scientific analysis of the exhibit will be contested. Such notice must state whether the expert will be required to testify.

10. **WITNESS LIST**: By the deadline established, and to enable the court to better estimate the length of trial, each party must provide the court with a list of witnesses, described by name and description, which it reasonably anticipates will be called to testify at trial, noting the approximate amount of time the party anticipates will be needed for examination of each witness. **Law enforcement witnesses must testify wearing street clothing - not uniforms.**

11. **JURY INSTRUCTIONS**: By the deadline established, the parties must present proposed instructions in duplicate:

   A. To which there is no disagreement (including general jury instructions);
   B. Plaintiff(s) proposed; and
   C. Defendant(s) proposed.

**PLEASE NOTE:** The court rarely departs from using Standard Jury Instructions, unless extraordinary circumstances warrant the use of Non-Standard Jury Instructions.

If instructions are submitted other than those to which there is no disagreement, counsel opposing the proposed instruction must state the basis for the objection and relevant law.

Instructions **must not** be on letterhead and must:

   1. each start on a separate page;
   2. be consecutively numbered;
   3. bear the case number;
   4. cite supporting authority; and
   5. contain a Table of Contents and an Index.

If the instruction is "standard" from some source, please indicate that source.

> **When the instructions have been finalized, counsel must submit, by email, all final instructions that the court will instruct the jury on. A hard copy for each juror must be provided as well.**

  12. **VOIR DIRE**: In jury cases, the court will conduct the initial voir dire. Counsel will then be permitted to question prospective jurors.

  13. **JUROR NOTE TAKING**: Jurors will be allowed to take notes.

  14. **BENCH TRIAL**: In bench trials, proposed findings of fact and conclusions of law must be submitted on the first day of trial and can be amended once all proofs are in.

  15. **CONTINUANCES**: Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses. Please notify the court if court intervention is necessary to secure witness attendance. Otherwise, witnesses will be expected to be available when called.

**FINAL STATUS CONFERENCE**

  At the Final Status Conference counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

- Anticipated evidentiary issues;

- Length of trial;

- Stipulations which may make it unnecessary to call foundation witnesses;

- Stipulations which may make it unnecessary to prove facts that are uncontested; and

- Stipulations which may make it unnecessary to admit certain exhibits.

          S/Victoria A. Roberts
          United States District Judge

Dated: 11/13/2020

(Rev. 1/2020)