United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

D-1 Marquez Maurice Goins,

    Defendant.

No. 20-cr-20545

Hon. Victoria A. Roberts

**Stipulation to Continue the
Motion Cut-off, the Plea Cut-off, and Trial by Sixty Days,
and to Find Excludable Delay**

The parties stipulate to continue, by sixty days, the motion cut-off date, the plea cut-off date, and the trial date—to dates to be set by the Court. The parties further stipulate, and jointly move for the Court to find, that the time period between November 18, 2020, and the new trial date, as determined by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency

throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on July 21, 2020, this court issued Administrative Order 20-AO-39, which explicitly found, after considering current conditions in the state of Michigan, that "proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." Having made further generally applicable findings relating to the ability of counsel to prepare and the court's ability to safely convene juries and bring counsel and court staff into courtrooms, the court concluded this AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.

- Similarly, in revised Administrative Order 20-AO-38, dated September 8, 2020, this Court ordered that jury trials will commence "on a date yet to be determined, and then only for critical criminal trials."

- As a result, the failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-39, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- Failure to grant the continuance would deny counsel for the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Specifically, the government has produced substantial discovery, which includes lengthy dash cam and bodycam videos from the night of the relevant incident. Defense counsel needs time to review these materials, and consult with his client.

- Forcing this case to trial before defense counsel is adequately and reasonably prepared would result in a miscarriage of justice. Further, to force this case to trial before defense counsel has analyzed the extensive discovery and consult with his client in this case would deprive the defendant of the important pretrial right, if he wished, to engage in informed and intelligent pretrial plea negotiations with the government.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of

due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

The parties therefore request that the Court grant a sixty-day continuance of the trial date, the plea cut-off date, and the motion cut-off date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

| *s/ Brandon C. Helms* | *s/Mark H. Magidson* |
|---|---|
| Brandon C. Helms | Mark H. Magidson |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 810 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| brandon.helms@usdoj.gov | mmag100@aol.com |
| (313) 226-9639 | (313) 963-4311 |

United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

No. 20-cr-20545

v.

Hon. Victoria A. Roberts

D-1 Marquez Maurice Goins,

    Defendant.

---

**Order Continuing the Motion Cut-off, the
Plea Cut-off, and Trial by Sixty Days,
and Finding Excludable Delay**

---

The Court has considered the parties' stipulation and joint motion to continue the trial, the plea cut-off date and the motion cut-off date by sixty days, and for a finding that the time period from November 18, 2020, to the trial date, to be later determined by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from November 18, 2020, to the trial date, to be later determined by the

Court, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.
- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.
- As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial

before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- Failure to grant the continuance would deny counsel for the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Specifically, the government has produced substantial discovery, which includes lengthy dash cam and bodycam videos from the night of the relevant incident. Defense counsel needs time to review these materials, and consult with his client.

- Forcing this case to trial before defense counsel is adequately and reasonably prepared would result in a miscarriage of justice. Further, to force this case to trial before defense counsel has analyzed the extensive discovery and consult with his client in this case would deprive the defendant of the important pretrial right, if he wished, to engage in informed and intelligent pretrial plea negotiations with the government.

IT IS THEREFORE ORDERED that the time from November 18, 2020, to the trial date, to be later determined by the Court, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that the new motion cut-off date is January 25, 2021.

IT IS FURTHER ORDERED that the new plea cutoff/hearing date is February 16, 2021 at 10:00am.

IT IS FURTHER ORDERED that the new trial date is March 8, 2021 at 9:00am

                                      s/ Victoria A. Roberts
                                      Hon. Victoria A. Roberts
                                      United States District Judge

Entered: November 20, 2020