UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARQUEZ MAURICE GOINS,

        Defendant.

_____/

Case No. 20-CR-20545

District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Marquez Maurie Goins is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release.  On July 16, 2026, defendant made his initial appearance on an arrest warrant based on the petition.  The government moved for detention pending a hearing.  On July 20, 2026, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6).  Defendant waived his right to a preliminary hearing.  Although the Court explained its reasons for detention on the record at the detention hearing, this Order supplements the Court's reasons.  For the reasons which follow, the government's motion is granted.

## **Factual Background**

In October of 202, defendant made his initial appearance on a complaint charging him with felon in possession of a firearm.  Defendant was released on bond with conditions.  In March of 2021, a petition for action on violations of pretrial release was filed, requesting a bond hearing because defendant was alleged to have assaulted his on again off again girlfriend.  On March 24, 2021, the district judge revoked his bond.  On March 8, 2022, defendant was sentenced to 21 months incarceration followed by three-years of supervised release.  On September 6, 2002, defendant was placed on supervised release.  A little over a year later, on October 25, 2023, a petition was filed alleging defendant violated the terms of his supervised release by again assaulting his girlfriend, including violating the PPO she obtained against him.  Defendant initially consented to detention pending a hearing on petition but later requested a hearing.  On December 7, 2023, defendant was ordered detained pending a hearing on the petition.  On December 9, 2023, a hearing was held at which the district judge revoked his supervised release and sentenced defendant to 24 months incarceration and 1 year of supervised released.  Defendant was released on supervised release on July 8, 2025, which was set to expire on July 7, 2026.  However, on June 22, 2026, another petition for violation of the conditions of his supervised release was filed, again alleging multiple instances in which that defendant assaulted his girlfriend and has a pending felony

charge in state court for resisting police, for which he was released on bond.  A hearing on the petition is scheduled for August 6, 2026.

**Analysis**

Because defendant is before the Court on alleged violations of supervised release, this proceeding is governed by the standard set forth in Federal Rule of Criminal Procedure 32.1.  Under Rule 32.1(a)(6), a magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings.  Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  8 U.S.C. § 3143(a)(1).  The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6).

The government argues that defendant has not met his burden as to dangerousness.  The Court agrees.  As stated at the hearing, defendant has a history of assaulting his girlfriend and threatening her while under court supervision, both pretrial and supervised release.  He presents a real danger to her and her family, including her minor children.  The fact that defendant has been employed and had some months under supervision where he did not engage in assaultive behavior is not clear and convincing evidence to show he is not a danger.

3

Defendant has not met the high burden for being released pending a hearing on supervised release violations.  Fed. R. Crim. P. 32.1(a)(6).

**Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: July 20, 2026                           s/Kimberly G. Altman
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                               United States Magistrate Judge